MURDOCK, Justice
(dissenting in case no. 1120114).
I disagree with the holding in the cross-appeal to the effect that certification of the class as an “opt-out” class under Rule 23(b)(3), Ala. R. Civ. P., is appropriate. We hold in the appeal (case no. 1120010) that individual-reliance issues are not material (thus justifying class certification at all) because it was “the class” that was defrauded. That is, the same misrepresentation was received and relied upon by *615 the same persons on behalf of all the members of the class.
By the same token, certification under Rule 28(b)(3) is inappropriate. The claims of the class members in this unusual case do not vary, and we therefore should not make possible a multitude of individual lawsuits that all seek to vindicate the same wrong with the same injury (proportionally) to each class member. Such a certification would allow inconsistent outcomes, even as to the most basic question of liability. The risk of such inconsistency is a key reason for certifying a “non-opt-out” class under Rule 28(b)(1), Ala. R. Civ. P. See, e.g., Ex parte Government Emps. Ins. Co., 729 So.2d 299, 306 (Ala.1999) (observing that “ ‘ “Rule 23(b)(1)(A) class actions involve those classes formed if the prosecution of separate lawsuits would create the risk of inconsistent adjudications’”” (quoting Ex parte Holland, 692 So.2d 811, 815 (Ala.1997), quoting in turn Adams v. Robertson, 676 So.2d 1265, 1269 (Ala.1995))).
The trial court expressly stated that it felt obligated in its role as a lower court to follow precedent from this Court preferring Rule 23(b)(3) “opt-out” certification where money damages are involved but that it questioned whether this was the correct approach in this unusual case. With regard to our precedent, I note that this Court has not instituted a blanket prohibition on class certification under Rule 23(b)(1) where monetary relief is sought by the class in question. In Ryan v. Patterson, 23 So.3d 12, 20 (Ala.2009), we noted:
“ ‘[CJlose scrutiny is necessary if money damages are to be included in any mandatory class in order to protect the individual interests at stake.... ’ Coleman v. General Motors Acceptance Corp., 296 F.3d 443, 448 (6th Cir.2002). This Court has observed that ‘[a]s a general rule, certification of a class pursuant to Rule 23(b)(2) is improper if the primary relief sought is money damages,’ Compass Bank v. Snow, 823 So.2d 667, 678 (Ala.2001); it is also true that ‘the fact that a Rule 23(b)(1) or (b)(2) suit may ultimately result in a monetary recovery from a defendant does not prevent certification under those subdivisions.’ First Alabama Bank of Montgomery, N.A. v. Martin, 425 So.2d 415, 423 (Ala.1982).”
Both the trial court and the main opinion agree that the situation presented in this case is a novel one. Given the nature and uniqueness of the claims presented, an exception to our general policy of not permitting class certification under Rule 23(b)(1) for actions seeking monetary relief is both prudent and permissible. In short, this is a novel case not governed by any indistinguishable precedent to the contrary; it therefore stands to reason that we can, indeed must, simply apply the language and policy underlying Rule 23 to decide this novel case. Doing so would require a reversal of the decision of the trial court in the cross-appeal.